IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| RICHARD D. THORNTON, JR., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-11-496-D |
| PPG INDUSTRIES, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## ORDER TRANSFERRING CASE

This matter comes before the Court upon Defendant PPG Industries, Inc.'s Motion to Transfer Venue to the United States District Court for the Eastern District of Oklahoma [Doc. No. 21], filed pursuant to 28 U.S.C. § 1406(a). Defendants John Parran and Tim Pearce have joined in the Motion [Doc. No. 31]. These defendants contend that venue is improper in this district but, rather than dismiss the case, the Court should transfer it to a proper venue. Plaintiff Richard D. Thornton, Jr. opposes the requested transfer, arguing that venue is proper here because personal jurisdiction exists and this district is more convenient under 28 U.S.C. § 1404(a). The Motion is fully briefed and at issue.

Plaintiff brings suit to recover damages allegedly caused by a breach of contract and tortious conduct related to Plaintiff's membership and management of Oklahoma Paint and Body Supply, LLC, an Oklahoma limited liability company doing business in Ardmore, Carter County, Oklahoma. Plaintiff invokes federal diversity jurisdiction under 28 U.S.C. § 1332(a). According to the Amended Complaint, Plaintiff is a citizen of California, and Defendants are citizens of Pennsylvania, Oklahoma, Georgia, Arizona and Texas. Defendants PPG Industries, Inc. and Single Source, Inc. are corporations; the other defendants are individuals. The only Oklahoma citizen is Defendant

Christopher Parker, who allegedly resides in Carter County, Oklahoma. Carter County lies within the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b). The Amended Complaint does not cite a statutory basis for venue, but plainly alleges that "[t[he wrongful acts complained of herein occurred in Carter County, State of Oklahoma." *See* Am. Compl. [Doc. No. 9] ¶ 1.

The general venue statute establishes proper venue for a civil action founded on diversity of citizenship as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). For venue purposes, a corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See id.* § 1391(c). However, Plaintiff's apparent contention that venue is proper based on personal jurisdiction in this district is misguided. Even if the corporations may be deemed to reside in this district, which is unclear from the pleadings, no individual defendant resides here. Thus, venue cannot be established under § 1391(a)(1) because not all defendants reside in the same state. Venue can be determined under § 1391(a)(2) because the Amended Complaint alleges that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Carter County, within the Eastern District of Oklahoma. Consequently, § 1391(a)(3) cannot be utilized to establish venue based on personal jurisdiction because that provision applies only when there is no other district in which the action may be brought.

Therefore, the Court finds that proper venue for this action lies in the Eastern District of Oklahoma. Because Plaintiff has filed his case in the wrong district, and because Defendants have timely objected to this defect, the Court must either dismiss the action or transfer it to the Eastern District of Oklahoma. These alternatives are mandated by 28 U.S.C. § 1406(a), which provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C.A. § 1406(a). The moving defendants concede that it is in the interest of justice to transfer, rather than dismiss, the case. Accordingly, the Court will grant the request to transfer venue.

IT IS THEREFORE ORDERED that Defendants' Motion to Transfer [Doc. Nos. 21 & 31] is GRANTED. The Court orders the transfer of this case to the United States District Court for the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED this 21st day of July, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE