IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| RICHARD D. THORNTON, JR., | |
|---|---|
| Plaintiff, | |
| v. | Case No. CIV-11-252-RAW |
| PPG INDUSTRIES, INC., a Pennsylvania Corporation; CHRISTOPHER PARKER, an individual; SINGLE SOURCE, INC., a Georgia Corporation; JOHN PARRAN, an individual; TIM PEARCE, an individual; and JOHN DARLINGTON, an individual, | |
| Defendants. | |

## ORDER & OPINION

Before the court are the motion to dismiss Plaintiff's third cause of action [Docket No. 43] and the motion to dismiss Defendant John Darlington's third cause of action [Docket No. 46], both filed by Defendants PPG Industries, Inc, John Parran and Tim Pearce.

Plaintiff filed his Amended Complaint on May 19, 2011. His third cause of action is defamation and disparagement against all Defendants except John Darlington. John Darlington filed a Cross-Claim against all of the other Defendants on July 25, 2011. Darlington's third cause of action is also defamation and disparagement.

**MOTIONS TO DISMISS**

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Amended Complaint and Darlington's Cross-Claim and construes those facts in the light most favorable to Plaintiff and Darlington. See Anderson v. Merrill Lynch

Pierce Fenner & Smith, Inc., 521 F.3d 1278, 1284 (10th Cir. 2008).

To survive the motions to dismiss their third causes of action for failure to state a claim, Plaintiff and Darlington must have pled "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff and Darlington must nudge their "claims across the line from conceivable to plausible." Id. The Twombly court is critical of complaints that do not mention a specific time, place or person. Id. at 565 n. 10.

The Tenth Circuit has noted that "'plausibility' in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id. The plausibility requirement "serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." Id. at 1248.

In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her . . . ." Id. at 1250 (emphasis in original). Otherwise, the complaint would fail to provide fair notice and to present a plausible right to relief.

**DEFAMATION**

Defendants argue that Plaintiff's and Darlington's defamation claims are barred by the applicable statute of limitations found in 12 OKLA. STAT. § 95(4). That statute requires an action to be brought within one year after the cause of action accrues. Defendants state that the defamation cause of action accrued on or before July 2009. Plaintiff argues that he learned of the defamation in January of 2011. Paragraph 41 of Plaintiff's eighteen page, very detailed Amended Complaint states that Darlington informed Plaintiff of the "unlawful scheme and actions" in January of 2011.

The Tenth Circuit has stated: "the Oklahoma discovery rule tolls the statute of limitations until an injured party knows of, or in the exercise of reasonable diligence, should have known of or discovered the injury, and resulting cause of action." Young v. Davis, 554 F.3d 1254, 1258 (10th Cir. 2009) (citation and emphasis omitted). Defendants do not argue that Plaintiff or Darlington should have known of or discovered the injury prior to January of 2011. The court accepts as true for purposes of the motion to dismiss all of the factual allegations in Plaintiff's Amended Complaint. Accordingly, the motion to dismiss Plaintiff's defamation claim is hereby DENIED.

Darlington adopted paragraph 41 of the Amended Complaint. Nevertheless, Darlington did not state when he learned of the alleged defamation. As he argues in his Response, however, he filed his Cross-Claim *pro se*, and is now represented by counsel. He requests an opportunity to file an Amended Answer, Counterclaim and Cross-Claim.

"[P]*ro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings." Hall v. Bellmon, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991). Darlington may file an

Amended Answer, Counterclaim and Cross-Claim no later than October 11, 2011. The motion to dismiss Darlington's defamation claim is DENIED at this time. Defendants may re-urge this argument in a summary judgment motion.

**DISPARAGEMENT**

Defendants next argue that Plaintiff's and Darlington's disparagement claims should be dismissed, as they are the same as their claims for tortious interference with business relationships. Defendants cite: "the tort of interference with business relationships is also known as disparagement." Yousuf v. Cohlmia, 718 F.Supp.2d 1279, 1286 (N.D. Okla. 2010). That case, however, also cites an older Oklahoma case that lists "disparagement of property" and "malicious interference with business" as two separate claims. See Royer v. Stoody Co., 192 F.Supp. 949, 953 (W.D.Okla 1961).

There is little Oklahoma case law regarding a claim for "disparagement." Nevertheless, a few cases refer to a "disparagement or slander of title action" or "slander or disparagement of title action." See Turner Roofing & Sheet Metal, Inc. v. Stapleton, 872 P.2d 926, 928 (Okla. 1994); Ruggles v. First Nat. Bank of Carmen, 558 P.2d 419, 422 (Okla. App. 1976). "Slander of title is a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or some right of his, causing him special damages." Bennett v. McKibben, 915 P.2d 400, 403 (Okla. App. 1996).

The court believes Plaintiff and Darlington intended to file only one cause of action as their "third cause of action" and simply chose an ambiguous title. Notwithstanding this, the court will not dismiss the disparagement claim based on Defendants' argument that it should be

4

subsumed in the tortious interference claim.  Accordingly, the motions to dismiss Plaintiff's and Darlington's third causes of action with regard to "disparagement" are also DENIED.

**CONCLUSION**

The motions to dismiss Plaintiff's and Darlington's third causes of action [Docket Nos. 43 and 46] are hereby DENIED.  Darlington may file an Amended Answer, Counterclaim and Cross-Claim no later than October 11, 2011.

IT IS SO ORDERED this 26th day of September, 2011.

**Dated this 26th day of September, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma